Vernon L. Jarboe General Counsel Department of Revenue 915 S.W. Harrison St. Topeka, Kansas 66612-1588
Dear Mr. Jarboe:
As general counsel for the Kansas department of revenue (department), you request our opinion on the applicability of the Kansas open records act (KORA), K.S.A. 45-215 et seq., to audit records maintained by the department.
You inform us that you received a request under the KORA for auditor's records relating to a particular assessment, including any federal and state income tax returns, correspondence between the department and the taxpayer, and auditor's work papers. We understand that the requester of the records is an attorney representing the taxpayer whose appeal is pending before the director of taxation. Taxpayers have a statutory right to appeal tax assessments issued by the director by filing a written request with the director, and these administrative appeals are governed by the Kansas administrative procedure act (KAPA), K.S.A. 77-501et seq.
The KORA provides that public records must "be open for inspection by any person. . . ." K.S.A. 45-216(a). A "public record" is "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or in the possession of any public agency." K.S.A. 45-217(f)(1). The department of revenue is a public agency which is subject to the KORA. However, there are several exceptions to the rule of openness of public records.
K.S.A. 45-221(a) in part provides:
 "Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
 "(1) Records the disclosure of which is specifically prohibited or restricted by federal law, state statute or rule of the Kansas supreme court or the disclosure of which is prohibited or restricted pursuant to specific authorization of federal law, state statute or rule of the Kansas supreme court to restrict or prohibit disclosure."
We understand that you regard the requested documents as confidential tax information which cannot be disclosed to the general public. K.S.A. 1993 Supp. 79-3234, as amended by L. 1994, ch. 188, sec. 3 in part provides:
 "(a) All reports and returns required by this act shall be preserved for three years and thereafter until the director orders them to be destroyed.
 "(b) Except in accordance with proper judicial order, or as provided in subsection (c) or in K.S.A. 17-7511, subsection (g) of K.S.A. 46-1106, K.S.A. 46-1114, or K.S.A. 79-32,153a, and amendments thereto, it shall be unlawful for the director, any deputy, agent, clerk or other officer, employee or former employee of the department of revenue or any other state officer or employee or former state officer or employee to divulge, or to make known in any way, the amount of income or any particulars set forth or disclosed in any report, return, federal return or federal return information required under this act;. . . ."
If the requested records contain "the amount of income or any particulars set forth or disclosed in any report, return, federal return or federal return information," then the department is prohibited from disclosing that information. However, K.S.A.45-221(d) in part provides:
 "If a public record contains material which is not subject to disclosure pursuant to this act, the public agency shall separate or delete such material and make available to the requester that material in the public record which is subject to disclosure pursuant to this act."
Therefore, the department cannot deny access to all of the records if the confidential information can be deleted or separated from the material which is subject to disclosure. Tewv. Topeka Police Fire Civ. Serv. Comm'n, 237 Kan. 96 (1985);State ex rel. Stephan v. Harder, 230 Kan. 573 (1982).
Regarding the correspondence between the department and the taxpayer, K.S.A. 45-221(a)(14) states:
 "Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
 "(14) Correspondence between a public agency and a private individual, other than correspondence which is intended to give notice of an action, policy or determination relating to any regulatory, supervisory or enforcement responsibility of the public agency or which is widely distributed to the public by a public agency and is not specifically in response to communications from such a private individual."
Similarly, internal communications within the department may not be required to be open to the public. K.S.A. 45-221(a)(20) states:
 "Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
 "(20) Notes, preliminary drafts, research data in the process of analysis, unfunded grant proposals, memoranda, recommendations or other records in which opinions are expressed or policies or actions are proposed, except that this exemption shall not apply when such records are publicly cited or identified in an open meeting or in an agenda of an open meeting."
The department's internal policy memoranda, guidelines and instructions regarding the administration and enforcement of the corporate income tax act, including correspondence between the staff attorneys, auditors and administrators, may fall under the above exception, and therefore, may not be subject to disclosure.
Additionally, you question whether the requested records are "public records" within the meaning of K.S.A. 45-217(f), which states:
 "(1) `Public record' means any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency including, but not limited to, an agreement in settlement of litigation involving the Kansas public employees retirement system and the investment of moneys of the fund.
 "(2)'Public record' shall not include records which are owned by a private person or entity and are not related to functions, activities, programs or operations funded by public funds or records which are made, maintained or kept by an individual who is a member of the legislature or of the governing body of any political or taxing subdivisions of the state." (Emphasis added.)
Although there is no case law or Attorney General opinions interpreting the above provision, one commentator explained:
 "This exclusion may have some application to personal records not related to state business but maintained by public employees or officials at their places of business and for their own convenience. For example, personal income tax information, information related to employee benefits or to a personal job search may be maintained at a public official's office, stored in a filing cabinet that also contains public records. Although they are physically present in a public agency office, they are nonetheless personal records, remain the property of the employee who stored them there, and are not truly possessed by the state agency. They would appear to be excluded by this provision." "Letting the Sunshine In: An Analysis of the 1984 Kansas Open Records Act," Ted P. Frederickson, 33 K.L.R. 205 (1985), p. 221.
We believe that the tax audit records that your department maintains are in fact related to state business. Although some information may be confidential and disclosure is prohibited by state law, the records in whole are still "public records."
Finally, we understand that the appeal filed by the taxpayer is pending before the director pursuant to the KAPA. K.S.A. 77-522
in relevant part provides:
 "Discovery shall be permitted to the extent allowed by the presiding officer or as agreed to by the parties. Requests for discovery shall be made in writing to the presiding officer and a copy of each request for discovery shall be served on the party or person against whom discovery is sought. The presiding officer may specify the times during which the parties may pursue discovery and respond to discovery requests. The presiding officer may issue subpoenas, discovery orders and protective orders in accordance with the rules of civil procedure."
You inform us that it is your practice to release such information as documents gathered by the auditor during the course of the audit to taxpayers in response to their discovery requests. Discovery may be a more suitable mechanism for the taxpayer to obtain all the records involving his or her appeal, but does not necessarily preclude a KORA request to obtain the information.
Very truly yours,
 ROBERT T. STEPHAN ATTORNEY GENERAL OF KANSAS
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas